DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1913.

Patrick Gannon, Administrator, Appellee, v. William J. Newman, Appellant.

## Gen. No. 17,892.

1. MASTER AND SERVANT, § 222*—*when laborer is negligent in not piling lagging in tiers.* A digger of caissons also put lagging into place and a quantity of lagging was generally kept at each well ready to be sent down. It was usual to pile the lagging in tiers, reversing the direction in laying each tier. At the time in question no lagging was piled and it was supplied by laborers who threw it down beside the well without piling it in tiers, when a piece slid down into the well striking deceased. *Held,* the jury might find that the laborers carrying the lagging were negligent.

2. MASTER AND SERVANT, § 251*—*when laborer above ground is not fellow-servant of caisson digger.* Where a laborer negligently throws lagging into a pile so that a piece slides therefrom into the well killing an employe digging the well, their usual duties did not bring them into habitual association so that they might exercise an influence upon each other, and they are not fellow-servants.

3. MASTER AND SERVANT, § 724*—*when question whether coemployes were directly co-operating is for jury.* Where a laborer negligently throws lagging into a pile so that a piece slides therefrom into a well killing the digger of a caisson, the question whether

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

the co-employes were directly co-operating with each other so as to be fellow-servants is a question for the jury.

4. APPEAL AND ERROR, § 1510*—*when submission of unsupported counts is harmless.* That the court instructed the jury that there could be no recovery on certain counts of the declaration and then, over objections, sent the declaration, including such counts, to the jury, is not sufficient ground for reversal.

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed November 3, 1913.

F. J. CANTY, HARRY M. MCCONNELL and GEORGE W. MILLER, for appellant.

FRANCIS O'SHAUGHNESSY, B. J. WELLMAN and MATTHEW J. O'BRIEN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for seven thousand dollars in favor of the administrator of the estate of Frank Giblin, recovered in an action for wrongfully causing the death of Giblin. The defendant, Newman, was engaged in sinking wells or caissons for the foundations of the new City Hall. There were twenty such wells; ten had been dug and men were engaged in digging the other ten. The wells were about six feet in diameter and were lined with lagging. The pieces of lagging were six feet long, five inches wide and three inches thick, tongued and grooved and held in place by iron rings placed inside of the lagging. Six feet of the well was first dug and lined with lagging, then a "rigging" was set up over the well, consisting of posts, beams and a platform with a hole in the center, through which a bucket passed. Above the platform was a power winch, around which a cable was wound to raise a bucket. On the platform was a man who, by means of the winch, raised or lowered the bucket on signal from

*See *Illinois Notes Digest,* Vols. XI to XIV, same topic and section number.

the men in the well. He had a helper who dumped the buckets and also carried lagging. Other men carried lagging and rings to the well to be sent down when required. In the well were two diggers who also put the lagging in place. Three shifts of men worked in a well, each for eight hours. The decedent and Connolly worked from 4 P. M. to midnight. When they went to work on the day of the accident they found a section of the well ready for the lagging. On their signal lagging and rings were sent down and they put them in place. This took an hour or longer, and they then sent up the lagging tools and a piece of lagging they had used to put the lagging in place, and called for water to soften the clay which they were about to excavate, and it was sent down. The well was then fifty feet deep. Ten minutes or longer after the last thing was sent up a piece of lagging fell down into the well and struck Giblin on the head. He was taken to a hospital and there died the next day, leaving a widow and five children.

The defendant offered no evidence.

The grounds of reversal urged by appellant are that the servants charged with negligence and Giblin were fellow-servants and the court therefore should have directed a verdict for the defendant; that the court erred in giving and refusing instructions and in rulings on the admissibility of evidence; that the court erred in sending the declaration to the jury after they had been instructed that there could be no recovery on three of the counts, and that plaintiff failed to prove that Giblin's death was due to injuries received in the accident.

We think that from the evidence the jury might properly find that generally a quantity of lagging was kept at each well ready to be sent down when called for; that it was usual to pile such lagging by laying a tier on the ground, then a tier across the first, then one lengthwise, then one across and so on, but it often happened that there was no lagging at a well when it

was wanted and laborers were called by the foreman or the winchman to carry lagging to the well; that when the men in the well called for lagging on the day of the accident there was none at the well and O'Malley, the foreman, sent two or three laborers to carry lagging; that these laborers also helped to push cars, to clean the tracks and to carry water for the diggers; that one of them helped the winchman's helper to put lagging into the bucket to be sent down to the diggers; that forty pieces of lagging were sent down and then the diggers sent up the lagging tools and called for water; that from the time they came, the laborers, except the one who assisted to put lagging in the bucket, continued to carry lagging to the well; that a man carried six pieces on his shoulder and threw them down alongside of the well; that a pile of lagging was thus made about one and a half or two feet high; that the lagging was not laid in tiers, but the pieces on each other as they were thrown down by the laborers; that a piece of lagging slid from the pile end foremost and went down into the well and struck Giblin on the head.

We think that the jury might properly find that the laborers who carried the lagging to the side of the well were guilty of negligence in throwing the lagging into a pile in such manner that a piece slid from the pile into the well, and that they were not fellow-servants of Giblin under the second branch of the fellow-servant rule, because their usual duties did not bring them into habitual association so that they might exercise an influence upon each other promotive of proper caution. The laborers' duties kept them above ground. Giblin's duties kept him below ground in the well he was digging.

Whether they were fellow-servants under the first branch of the rule depends on the question whether at the time of the injury they were directly co-operating with each other in the particular business in hand. We are not prepared to hold that on the evidence in the

record this was a question of law for the court, but think that it was a question of fact for the jury.

We find no reversible error in the rulings of the court on the admission of evidence or on the instructions.

The fact that the court instructed the jury that there could be no recovery on certain counts of the declaration and then, over the objection of the defendant, sent the declaration, including such counts, to the jury, is not, in our opinion, sufficient ground for the reversal of the judgment.

We think that from the evidence the jury might properly find that the injury received by Giblin from the fall of the lagging caused his death.

We think that the record is free from reversible error, and the judgment of the Superior Court is affirmed.

*Affirmed.*